## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARLEN HUCKINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>Defendant. ) | No. CIV-10-993-HE |

## ORDER

Plaintiff Arlen Huckins filed this case seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits and supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell, who recommended the Commissioner's decision be affirmed. Plaintiff has filed a timely objection. Therefore, the court makes a de novo review of the Report and Recommendation to the extent specific objections are made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1).

Plaintiff lodges two objections against the Report and Recommendation. First, Mr. Huckins contends the Administrative Law Judge ("ALJ")[1] improperly concluded the opinions of Dr. Kendall and Dr. Swink were consistent with the ALJ's residual functional capacity

---

[1]*The ALJ's decision became the final decision of the Commissioner on August 3, 2010, when the Appeals Council denied Mr. Huckins's request for review. See TR 11-15.*

("RFC") finding. Second, plaintiff argues the ALJ inadequately explained his reason for affording Dr. Hasbrook's opinion "little weight," and further contends the magistrate judge supplied an improper after-the-fact justification for the decision. Both of these objections center on the ALJ's RFC determination, which occurs before "step four" of the ALJ's five-step sequential analysis. *See* 20 CFR §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity.").

The court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. Hardman v. Barnhart, 362 F.3d 676, 678 (10th Cir. 2004) (citations omitted). "Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* (quoting Kepler v. Chater, 68 F.3d 387, 388-89 (10th Cir. 1995)). The court examines the record as a whole when determining whether the ALJ's findings are supported by substantial evidence. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The court concludes the ALJ properly considered the opinions of Dr. Kendall and Dr. Swink when making his RFC determination and was not required to discuss every detail of their findings. *See* Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, *but an ALJ is not required to discuss every piece of evidence*." (emphasis added)). Additionally, the ALJ identified the treatment records of Dr. Hasbrook [TR 28, paras. 1-2] and referenced those records when explaining they we were inconsistent with her opinion of Mr. Huckins's mental functional capacity. [TR 30]. Moreover, Judge Purcell's explanation of the record evidence supporting

the ALJ's finding was not an after-the-faction justification for the ALJ's conclusion; rather, Judge Purcell was re-stating the evidence *cited by the ALJ* to support his finding. *Compare* Doc. #25, pp. 19-20, *with* TR 28, para. 1 *and* TR 540-44.

Plaintiff argues a more detailed explanation of the inconsistencies is needed from the ALJ. He relies on Krauser v. Astrue, 638 F.3d 1324 (10th Cir. 2011), and Langley v. Barnhart, 373 F.3d 1116 (10th Cir. 2004). The court does not read Krauser and Langley to require the ALJ do more than identify the inconsistencies with sufficient specificity that the court can conduct a meaningful review of his decision. *See* Langley, 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between [the treating physician's] opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings." (citation omitted)). The ALJ did so in this case.

The court therefore **ADOPTS** Magistrate Judge Purcell's Report and Recommendation [Doc. #25] and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE